AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.   21-mj-212 (ZMF) |
| Daniel Dean Egtvedt ) | |
| _Defendant_ ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
❒ Prior criminal history
❒ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

- ❒ History of violence or use of weapons
- ❒ History of alcohol or substance abuse
- ❒ Lack of stable employment
- ❒ Lack of stable residence
- ❒ Lack of financially responsible sureties
- ❒ Lack of significant community or family ties to this district
- ❒ Significant family or other ties outside the United States
- ❒ Lack of legal status in the United States
- ❒ Subject to removal or deportation after serving any period of incarceration
- ❒ Prior failure to appear in court as ordered
- ❒ Prior attempt(s) to evade law enforcement
- ❒ Use of alias(es) or false documents
- ❒ Background information unknown or unverified
- ❒ Prior violations of probation, parole, or supervised release

## C.  OTHER REASONS OR FURTHER EXPLANATION:

The defendant's evidence/arguments for release:

Defendant, who is charged with multiple offenses--including assaulting law enforcement officers of the United States--in connection with breach of the Capitol building on January 6, 2021, requested that he be released to the third-party custody of his brother and stated that he would be amenable to location monitoring, a curfew, and mandatory mental health counseling.  Defendant emphasized that the statement of facts filed in support of the criminal complaint did not describe him as violent, but instead as simply "non-compliant" and that Defendant did not intentionally injure any officers; rather, Defendant proffered that any injuries were the result of accidents.  More, Defendant did not destroy any property in the Capitol and did not carry any objects that could destroy property or harm individuals.  Defendant further emphasized that he is nearly 60 years old and has no criminal history, no history of violence, and has never been arrested.  Defendant's brother stated that he would be willing to serve as a third-party custodian and would monitor his brother's medication and mental health counseling.

Nature and circumstances of offense(s):

Defendant allegedly engaged in multiple instances of assaultive conduct against law enforcement officers while those officers attempted to remove him from the Capitol building.  These are significant charges and involve some of the more serious conduct seen during the January 6 events, thus this factor favors pretrial detention. According to the government's proffer, at approximately 3:00 p.m., Defendant entered the Capitol as part of the initial wave of a violent mob that breached the building. Once inside, Defendant charged, hit, swatted, and pushed passed law enforcement officers who were attempting to remove him from the building.  The government proffered that during these altercations, at least one law enforcement officer fell to the ground and injured his arm.  Indeed, it appears from video footage screenshots that it took approximately five officers to wrestle Defendant to the ground.  After being removed from the building, Defendant allegedly assaulted an officer while attempting to go back in the Capitol.  Defendant's conduct at the Capitol was not a momentary lapse of judgment, but an ongoing act of violence that disrupted Congressional functions.

The strength of the government's evidence:

The government's evidence is very strong, thus this factor favors detention. According to the government's proffer and screenshots of video footage from inside the Capitol, Defendant is captured in multiple videos as he assaults officers and resists those officers' attempts to remove him from the building.  Several witnesses have identified him as the individual in those videos. There is also body-worn camera footage of Defendant engaging in assaultive conduct inside the Capitol.  Corroborating that evidence, electronic evidence places Defendant at or near the Capitol on January 6, 2021.  Further, Defendant gave interviews while inside the Capitol building, one of which was livestreamed and one of which has been made available on YouTube.

The defendant's history and characteristics, including criminal history:

Defendant has no prior convictions or contact with the criminal justice system and, as a result, has no history of non-compliance. That said, the Defendant presently suffers from mental health issues. Further, he presently appears to be inclined towards violence, is unable to control himself, and has no respect for law enforcement. Defendant allegedly engaged in violent acts in an attempt to thwart the democratic process and, based on letters submitted by the government that Defendant wrote following his arrest on February 13, 2021, Defendant apparently does not recognize the legitimacy of the current administration; indeed, Defendant stated in those letters that he considers himself a "political prisoner in a foreign land." Accordingly, it appears that the beliefs that led Defendant to breach the Capitol on January 6, 2021, persist today. More, Defendant was arrested following an incident at his brother's home during which Defendant allegedly attempted to prevent an elderly relative from getting the COVID-19 vaccination and, as a result, family members had to call law enforcement officers to the house.

The defendant's dangerousness/risk of flight:

Defendant's alleged conduct was a direct assault against law enforcement officers in particular, and the democratic process in general. He continuously resisted law enforcement officers' attempts to remove him from the Capitol by charging at them, swatting at them, and pushing passed them. Even after Defendant was removed from the Capitol, he attempted to go back inside and again assaulted an officer in the process. This willingness to engage in violence in support of a cause --a cause in which the Defendant apparently still strongly believes --and the direct nature of the attack on law enforcement give the undersigned no confidence that Defendant would comply with any release conditions set by this Court. More, the Court is not confident that Defendant's brother would be able to control Defendant, particularly considering the circumstances of Defendant's arrest. Thus, no conditions or combination of conditions of release would reasonably assure the safety of the community or law enforcement if Defendant were released.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:    02/25/2021    _____
                                                                United States Magistrate Judge